# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.  CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH  JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE  COUNTY, FLORIDA

Case No.:_____
Judge: _____

Hanny Aponte
Plaintiff

vs.

Francisco Javier Agustin Rabell Torello, American Sales Management Organization, LLC
Defendant

## II.  AMOUNT OF CLAIM

Please indicate the estimated amount of the claim rounded to the nearest dollar $250,000

## III.  TYPE OF CASE    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence – other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability – commercial
  - [ ] Premises liability – residential
- [ ] Products liability
- [ ] Real Property/Mortgage foreclosure
  - [ ] Commercial foreclosure
  - [ ] Homestead residential foreclosure
  - [ ] Non-homestead residential foreclosure
  - [ ] Other real property actions
- [ ] Professional malpractice
  - [ ] Malpractice – business
  - [ ] Malpractice – medical

- [ ] Malpractice – other professional
- [x] Other
  - [ ] Antitrust/Trade Regulation
  - [ ] Business Transaction
  - [ ] Circuit Civil - Not Applicable
  - [ ] Constitutional challenge-statute or ordinance
  - [ ] Constitutional challenge-proposed amendment
  - [ ] Corporate Trusts
  - [x] Discrimination-employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

- [ ] County Civil
  - [ ] Small Claims up to $8,000
  - [ ] Civil
  - [ ] Replevins
  - [ ] Evictions
  - [ ] Other civil (non-monetary)

EXHIBIT
A

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     **REMEDIES SOUGHT** (check all that apply):
  ☒  Monetary;
  ☒  Non-monetary declaratory or injunctive relief;
  ☒  Punitive

V.      **NUMBER OF CAUSES OF ACTION:**
  (Specify)

  2

VI.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐  Yes
  ☒  No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒  No
  ☐  Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒  Yes
  ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Jason S Remer
             Attorney or party
FL Bar No.:  165580
             (Bar number, if attorney)
             Jason S Remer
             (Type or print name)
  Date:  05/20/2020

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

     Plaintiff,

vs.                                  Case No.

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

     Defendants.
_____/

## COMPLAINT

Plaintiff, HANNY APONTE ("Plaintiff") and other similarly situated employees, by and through

the undersigned counsel, hereby sues Defendants AMERICAN SALES MANAGEMENT

ORGANIZATION, LLC, FRANCISCO JAVIER AGUSTIN RABELL TORELLO,

(collectively, "Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other opt in similarly situated employees for

damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages under the Fair

Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC is

authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant,

and at all times material hereto was and is engaged in interstate commerce.

4.   Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO is a corporate officer of, and exercised operational control over the activities of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

5.   Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.   Plaintiff performed work for Defendant as a non-exempt employee from on or about February of 2017 through April of 2019.

8.   Defendant deducted lunch break hours of 2 hours a week but required Plaintiff to work through the lunch break while working off the clock.

9.   At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

10. Plaintiff worked numerous unpaid overtime hours and or straight time hours for which no compensation was received.

## COUNT I
### *Wage & Hour Federal Statutory Violation* AMERICAN SALES MANAGEMENT ORGANIZATION, LLC

11. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8 of this complaint as if set out in full herein.

12. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

13. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

14. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

15. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

16. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

17. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

    C. Award Plaintiffs an equal amount in double damages/liquidated damages;

    D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation against* FRANCISCO JAVIER AGUSTIN RABELL TORELLO

18. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 9 of this complaint as if set out in full herein.

19. At the times mentioned, Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO was, and is now, a corporate officer of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

20. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

Plaintiffs.

21. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

22. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: May 15, 2020                    Respectfully submitted,


/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 165580

jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5000

Filing # 107758241 E-Filed 05/20/2020 03:45:12 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

  Plaintiff,

vs.          Case No. 2020-010823-CA-01

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

  Defendants.

## SUMMONS IN A CIVIL CASE

**TO:**

RABELL TORELLO, FRANCISCO JAVIER AGUSTIN
7200 CORPORATE CENTER DR.
206
MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     JASON S. REMER, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

              5/27/2020

CLERK             DATE

307967

(BY) DEPUTY CLERK

Filing # 107754579 E-Filed 05/20/2020 03:14:00 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

     Plaintiff,

vs.                                        Case No.

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, HANNY APONTE ("Plaintiff") and other similarly situated employees, by and through the undersigned counsel, hereby sues Defendants AMERICAN SALES MANAGEMENT ORGANIZATION, LLC, FRANCISCO JAVIER AGUSTIN RABELL TORELLO, (collectively, "Defendants"), and in support thereof avers as follows:

## **GENERAL ALLEGATIONS**

1.  This is an action by the Plaintiff and other opt in similarly situated employees for damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.  Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4.  Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO is a corporate officer of, and exercised operational control over the activities of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

5.  Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  Plaintiff performed work for Defendant as a non-exempt employee from on or about February of 2017 through April of 2019.

8.  Defendant deducted lunch break hours of 2 hours a week but required Plaintiff to work through the lunch break while working off the clock.

9.  At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

10. Plaintiff worked numerous unpaid overtime hours and or straight time hours for which no compensation was received.

## COUNT I
### *Wage & Hour Federal Statutory Violation* AMERICAN SALES MANAGEMENT ORGANIZATION, LLC

11. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8 of this complaint as if set out in full herein.

12. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

13. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

14. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

15. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

16. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

17. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

    C. Award Plaintiffs an equal amount in double damages/liquidated damages;

    D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
***Wage & Hour Federal Statutory Violation against*** FRANCISCO JAVIER AGUSTIN RABELL TORELLO

18. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 9 of this complaint as if set out in full herein.

19. At the times mentioned, Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO was, and is now, a corporate officer of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

20. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

Plaintiffs.

21. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

22. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: May 15, 2020                    Respectfully submitted,


/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 165580

jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5000

Filing # 107758241 E-Filed 05/20/2020 03:45:12 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

     Plaintiff,

vs.

Case No. 2020-010823-CA-01

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

RABELL TORELLO, FRANCISCO JAVIER AGUSTIN
7200 CORPORATE CENTER DR.
206
MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     JASON S. REMER, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

                                          5/27/2020

CLERK                                     DATE

              307967
(BY) DEPUTY CLERK

Filing # 107754579 E-Filed 05/20/2020 03:14:00 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

     Plaintiff,

vs.                               Case No.

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

     Defendants.

_____/

## COMPLAINT

Plaintiff, HANNY APONTE ("Plaintiff") and other similarly situated employees, by and through the undersigned counsel, hereby sues Defendants AMERICAN SALES MANAGEMENT ORGANIZATION, LLC, FRANCISCO JAVIER AGUSTIN RABELL TORELLO, (collectively, "Defendants"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other opt in similarly situated employees for damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC is authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4.  Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO is a corporate officer of, and exercised operational control over the activities of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

5.  Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

<u>**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**</u>

7.  Plaintiff performed work for Defendant as a non-exempt employee from on or about February of 2017 through April of 2019.

8.  Defendant deducted lunch break hours of 2 hours a week but required Plaintiff to work through the lunch break while working off the clock.

9.  At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

10. Plaintiff worked numerous unpaid overtime hours and or straight time hours for which no compensation was received.

<u>**COUNT I**</u>
*Wage & Hour Federal Statutory Violation* AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC

11. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8 of this complaint as if set out in full herein.

12. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

13. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

14. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

15. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

16. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

17. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Wage & Hour Federal Statutory Violation against* FRANCISCO JAVIER AGUSTIN RABELL TORELLO

18. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 9 of this complaint as if set out in full herein.

19. At the times mentioned, Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO was, and is now, a corporate officer of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

20. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

Plaintiffs.

21. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

22. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>JURY DEMAND</u>

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: May 15, 2020                Respectfully submitted,

/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 165580

jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5000

Filing # 107758241 E-Filed 05/20/2020 03:45:12 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

    Plaintiff,

vs.                                                              Case No. 2020-010823-CA-01

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

    Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**

RABELL TORELLO, FRANCISCO JAVIER AGUSTIN
7200 CORPORATE CENTER DR.
206
MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

 

                                                                          5/27/2020

_____                    _____
CLERK                                                                        DATE

307967

(BY) DEPUTY CLERK

Filing # 107754579 E-Filed 05/20/2020 03:14:00 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY FLORIDA

HANNY APONTE,

     Plaintiff,

vs.                        Case No.

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC,
FRANCISCO JAVIER AGUSTIN RABELL TORELLO

     Defendants.

_____/

## COMPLAINT

Plaintiff, HANNY APONTE ("Plaintiff") and other similarly situated employees, by and through

the undersigned counsel, hereby sues Defendants AMERICAN SALES MANAGEMENT

ORGANIZATION, LLC, FRANCISCO JAVIER AGUSTIN RABELL TORELLO,

(collectively, "Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other opt in similarly situated employees for

damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages under the Fair

Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC is

authorized to conduct business in Dade County, Florida, where Plaintiff worked for Defendant,

and at all times material hereto was and is engaged in interstate commerce.

4.   Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO is a corporate officer of, and exercised operational control over the activities of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

5.   Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.   Plaintiff performed work for Defendant as a non-exempt employee from on or about February of 2017 through April of 2019.

8.   Defendant deducted lunch break hours of 2 hours a week but required Plaintiff to work through the lunch break while working off the clock.

9.   At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff.

10. Plaintiff worked numerous unpaid overtime hours and or straight time hours for which no compensation was received.

## COUNT I
### *Wage & Hour Federal Statutory Violation* AMERICAN SALES MANAGEMENT ORGANIZATION, LLC

11. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 8 of this complaint as if set out in full herein.

12. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

13. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

14. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

15. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

16. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

17. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

    C.  Award Plaintiffs an equal amount in double damages/liquidated damages;

    D.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation against* FRANCISCO JAVIER AGUSTIN RABELL TORELLO

18. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 9 of this complaint as if set out in full herein.

19. At the times mentioned, Defendant FRANCISCO JAVIER AGUSTIN RABELL TORELLO was, and is now, a corporate officer of corporate Defendant AMERICAN SALES MANAGEMENT ORGANIZATION, LLC.

20. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including

Plaintiffs.

21. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

22. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### **JURY DEMAND**

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: May 15, 2020                    Respectfully submitted,


/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 165580

jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5000