United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hanny Aponte, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| American Sales Management Organization Corp. and Francisco Javier Agustin Rabell Torello, Defendant. | ) Civil Action No. 20-22617-Civ-Scola |

## Order on Motion to Dismiss

Now before the Court is the Defendants' partial motion to dismiss the Plaintiff's claim for unpaid minimum wages. For the reasons set forth below, the Court **grants** the Defendants' motion (**ECF No. 13**).

The Plaintiff Hanny Aponte filed suit against her employers to recover unpaid overtime wages. Specifically, Aponte claims that the Defendants deducted two hours each week for lunch breaks even though the Defendants required Aponte to work during her lunch break. (Complaint, ECF No. 1-2 at 4.) The first count of the complaint for violations of the Fair Labor Standards Act ("FLSA") against American Sales Management Organization states that American Sales "knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA." (*Id.* at 5.) The Defendants now move to dismiss the minimum wage claim because Aponte has not alleged any facts to support that claim. The Court agrees.

In her response to the motion to dismiss, Aponte states that "it is Plaintiff's present belief and allegation that all of her unpaid hours were overtime hours." (ECF No. 16 at ¶ 4.) She further states that "the 'and/or' language in Count I is intended to place Defendants on notice that, if, for example, further discovery demonstrates that any unpaid hours would not be properly classified as overtime hours, said hours would still be a part of Plaintiff's claim and may qualify as unpaid minimum wages. (*Id.* at ¶ 5.) This is improper. *See Goldin v. Boce Group, L.C.*, 773 F. Supp. 2d 1376, 1381 (S.D. Fla. 2011) (King, J.) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."). And, the allegations do not meet the standard set forth in *Twombly* and *Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Although a pleading need only contain a short and plain statement of the

claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In sum, the Defendants' motion to dismiss the Plaintiff's claim for unpaid minimum wage (**ECF No. 13**) is granted. The Plaintiff's claims for unpaid overtime wages may proceed.

**Done and ordered** at Miami, Florida, on August 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge