UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22617-RNS

HANNY APONTE,

    Plaintiff,

vs.

AMERICAN SALES MANAGEMENT
ORGANIZATION, LLC and FRANCISCO
JAVIER AGUSTIN RABELL TORELLO,

    Defendants.
_____/

## JOINT MOTION FOR IN CAMERA INSPECTION AND APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, HANNY APONTE, and Defendants, AMERICAN SALES MANAGEMENT ORGANIZATION, LLC and FRANCISCO JAVIER AGUSTIN RABELL TORELLO (collectively, the "Parties"), by and through their undersigned counsel, hereby file this Joint Motion for In Camera Inspection and Approval of Parties' Confidential Settlement Agreement and Stipulation of Dismissal with Prejudice, stating as follows:

1. Plaintiff initiated this action on May 20, 2020, seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA").

2. A bona fide dispute existed between the Parties, as Plaintiff claimed an entitlement to unpaid overtime wages and Defendant maintained that Plaintiff was exempt from the FLSA's overtime provision.

3. The Parties have engaged in settlement negotiations and, in order to avoid further costs and fees have reached an agreement, which has resulted in a Settlement Agreement (provided separately).

1

4.        In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Department of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the Parties request that the Court approve their Agreement.

5.        In support of this Motion, the Parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendant to resolve Plaintiff's claim for fees under the FLSA are fair and reasonable; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## MEMORANDUM OF LAW

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *See generally Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Id at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the Parties' Settlement Agreement is fair and reasonable, the Court should consider the following

factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the Parties jointly submit there has been sufficient investigation and exchange of documents and information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and to make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their Settlement Agreement. After exchanging information and engaging in settlement negotiations, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiff receiving a sum acceptable to him in light of the potential hurdles in proving whether he is not exempt from the FLSA's overtime provision.

Plaintiff has been advised by counsel that if he proceeds in this matter, he may prove all of the damages, or a jury may choose to credit the Defendants' position, and that he may not receive any recovery. In light of these hurdles and uncertainty, as well as the possibility of protracted litigation, Plaintiff agrees that the amount he is receiving in this settlement for his wage claims constitutes a reasonable and informed compromise of those claims. Plaintiff also agrees that the separate amount he is receiving for confidentiality and the general release is sufficient consideration. Because the Settlement Agreement contains a confidentiality provision, the Parties request permission to deliver the settlement agreement to the Court for an *in camera* review.

The Parties stipulate that their Agreement is fair and reasonable. Further the attorneys' fees and costs are not a percentage of Plaintiff's recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendant on Plaintiff's behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and his counsel separate and apart from the amounts sought by Plaintiff for his underlying claims. Thus, judicial scrutiny of the attorney's fees is not required, unless the Court finds the fees are unreasonable on their face. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009) (noting that if plaintiff's recovery and attorney's fees are addressed independently, "there is no reason to assume that the lawyer's fee has influence the reasonableness of the plaintiff's settlement").

The compromise agreed upon by the Parties resolves all of Plaintiff's claims for attorneys' fees, and Plaintiff has no responsibility to his counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiff and Defendants have been represented by competent counsel with experience in labor and employment law. The Parties further advise the Court that their Settlement Agreement includes every term and condition of the Parties' settlement.

WHEREFORE, the Parties respectfully request that the Court approve the Parties' Settlement Agreement and dismiss this litigation with prejudice, with each party to bear its own fees and costs except as set forth in the Settlement Agreement.

Dated: **December 1, 2020**                                   Respectfully submitted,

/s/ Jason S. Remer                                                    /s/Suhaill M. Morales
Jason S. Remer                                                         Suhaill M. Morales
Florida Bar No. 165580                                            Florida Bar No. 084448
jremer@rgpattorneys.com                                       smorales@anblaw.com

5

| | |
|---|---|
| Remer &Georges-Pierre, PLLC<br>44 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 416-5000<br>Facsimile: (305) 416-5005<br>*Counsel for Plaintiff* | Steven Reardon<br>Florida Bar No. 1003515<br>sreardon@anblaw.com<br>**Allen, Norton & Blue, P.A.**<br>121 Majorca Avenue, Suite 300<br>Coral Gables, FL 33134<br>Tel: (305) 445-7801<br>Fax: (305) 442-1578<br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 1, 2020**, I electronically filed the foregoing document with the CM/ECF Filing System which will also serve the foregoing document on all counsel of record identified on the Service List below in the manner specified, either via email or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Counsel for Plaintiff

    /s/Suhaill M. Morales
    Attorney